Brinkerhoff, J.
On the 16th day of January, 1854, Thomas W. Matter- *510 son, for a good and valuable consideration, signed, acknowledged, and delivered to the plaintiffs in error certain instruments in writing, not under seal, which, had they been sealed, would have been legal mortgages upon certain parcels of real estate belonging to said Watterson; and, on the same day, the so-called mortgages were placed on record.
On .the 18th day of the same month, the firm of Cal-lender, "Watterson & Seward, of which said Thomas W. Watterson was a member, made a general assignment of all their property, personal and real, partnership and individual, to the defendant in error, Shuey, for the benefit of their creditors; Shuey, the assignee, having full knowledge of the prior existence of the so-called mortgages.
Shuey filed his petition in the common pleas of Butler county, representing that the so-called mortgages were a cloud upon his title.as assignee, and. praying that the same might be adjudged to be set aside and held for naught. The case having been carried to the district court by appeal, a final judgment was there rendered in accordance with the prayer of the petition. And to reverse that judgment, this petition in error is prosecuted.
~We think there was no error in the judgment of the district coui’t. Under the laws of this state these writings, being without seal, were not mortgages, and were at most but contracts to mortgage. White v. Denman, 16 Ohio Rep. 59; and same case, on bill of review, 1 Ohio St. Rep. 110. And such agreement creates no lien in favor of the plaintiffs in error as against other creditors, claiming under the assignment. Bloom v. Noggle, 4 Ohio St. Rep. 45.

Judgment affirmed.

Swan, C. J., and Suture and Peck, J.T., concurred.
Scott, J., did not sit in this case, having formerly been of counsel.